ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| AIMEE DEL CARMEN GARCÍA CRUZ, Peticionaria, v. HÉCTOR LUIS GARCÍA CRUZ, FRANCISCO JOSÉ GARCÍA CRUZ y CARLOS JAVIER GARCÍA CRUZ, Recurrida. | TA2026CE00562 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan. Civil núm.: SJ2024CV02608. Sobre: división o liquidación de la comunidad de bienes hereditarios. |
|---|---|---|

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 8 de mayo de 2026.

El 7 de mayo de 2026, la peticionaria, señora Aimee del Carmen García Cruz (señora García), presentó por derecho propio este recurso. En él, solicita que este Tribunal expida el auto y revoque la orden dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 26 de febrero de 2026, notificada al día siguiente[1]. Dicha orden denegó la solicitud de la señora García para representarse por derecho propio.

El 23 de marzo de 2026, y habiendo transcurrido el término jurisdiccional de 15 días que manda la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, la señora García solicitó la reconsideración de la orden del 26 de febrero de 2026.

El 23 de abril de 2026, notificado al día siguiente, el foro primario denegó la solicitud de reconsideración dada su presentación tardía.

---

[1] Debemos apuntar que el escrito presentado por la señora García adolece de graves deficiencias reglamentarias. A modo de ejemplo, el escrito carece de una discusión adecuada de los errores imputados al foro primario y de los fundamentos legales en los que basa su petición. *Véase*, Regla 34(C) del Reglamento de este Tribunal de Apelaciones. *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 55-56, 215 DPR ___ (2025). Es decir, la señora García, además de presentar tardíamente su recurso, incumplió crasamente con los requisitos reglamentarios para perfeccionar adecuadamente su recurso.

Inconforme, el 7 de mayo de 2026, la señora García instó este recurso.

A la luz de los hechos que surgen del expediente electrónico de este caso, es evidente que la señora García nunca interrumpió el término para comparecer ante nos, por lo que carecemos de jurisdicción para atender el recurso, dada su presentación tardía. Por tanto, prescindiendo de la comparecencia de la parte recurrida[2], desestimamos el recurso.

I

A

Distinto al recurso de apelación, el auto de *certiorari* es un recurso procesal de carácter discrecional. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). La jurisdicción y competencia de este Tribunal para atender un recurso de *certiorari* está establecida en las disposiciones de la Ley Núm. 103-2003, según enmendada, *Ley de la Judicatura de 2003*, 4 LPRA sec. 24, *et seq.*; en particular, su Art. 4.002, 4 LPRA sec. 24u; las Reglas 52.1 y 52.2 de las de Procedimiento Civil, 32 LPRA Ap. V; y la Regla 32(C) del Reglamento de este Tribunal de Apelaciones, *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 15, 215 DPR ___ (2025).

De otra parte, el Art. 4.006(b) de la *Ley de la Judicatura de 2003*, 4 LPRA sec. 24y(b), establece que este Tribunal conocerá de cualquier resolución u orden dictada por el Tribunal de Primera Instancia mediante auto *certiorari* expedido a nuestra discreción. A su vez, la Regla 52.2(b) dispone, en parte, que los recursos de *certiorari* ante nos para revisar órdenes o resoluciones emitidas por el Tribunal de Primera Instancia, deberán ser presentados dentro del **término de 30 días, contados desde la fecha de su notificación**. 32 LPRA Ap. V. También, dispone que el término es de cumplimiento estricto, "**prorrogable sólo cuando medien**

---

[2] Ello, conforme a la Regla 7(B)(5) del Reglamento de este Tribunal de Apelaciones, que nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho […]". *In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 15, 215 DPR ___ (2025).

**circunstancias especiales debidamente sustentadas en la solicitud de certiorari**". *Íd*. (Énfasis nuestro).

Dicho término y su naturaleza también están recogidos en la Regla 32(C) de nuestro Reglamento.

Con relación a los términos de cumplimiento estricto, el Tribunal Supremo de Puerto Rico ha expresado que, "**el foro apelativo no goza de discreción para prorrogar tales términos automáticamente**". *Rojas v. Axtmayer Ent., Inc.*, 150 DPR 560, 564 (2000). (Énfasis nuestro). En su consecuencia, "tiene discreción para extender un término de cumplimiento estricto 'solo cuando la parte que lo solicite demuestre justa causa para la tardanza'". *Íd.* En ausencia de justa causa, carecemos de discreción para prorrogar el término y acoger el recurso ante nuestra consideración. *Íd.* **La acreditación de la justa causa se cumple con explicaciones concretas y particulares, debidamente evidenciadas**. *Íd.*, a la pág. 565.

B

La doctrina prevaleciente dispone que los tribunales tenemos la obligación de ser los guardianes de nuestra propia jurisdicción. También, que la ausencia de jurisdicción no puede ser subsanada, ni un tribunal asumirla, atribuírsela o arrogársela cuando no la tiene. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980); *Maldonado v. Pichardo*, 104 DPR 778, 782 (1976). De determinarse que no hay jurisdicción sobre un recurso o sobre una controversia determinada, procede su desestimación. *González v. Mayagüez Resort & Casino*, 176 DPR 848, 855 (2009).

Una de las instancias en que un tribunal carece de jurisdicción es cuando se presenta un recurso **tardío** o prematuro, pues "[…] adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre […] puesto que su presentación carece de eficacia y no produce ningún efecto jurídico […]". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Al igual que un recurso presentado prematuramente, un recurso tardío adolece del grave e insubsanable defecto de falta de jurisdicción. Como tal, su presentación carece de eficacia.

Por su parte, la Regla 83 (B) y (C) del Reglamento de este Tribunal de Apelaciones nos confiere autoridad para desestimar un recurso por cualquiera de las siguientes circunstancias:

Regla 83 – Desistimiento y desestimación

.          .          .          .          .          .          .          .

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

(1) **que el Tribunal de Apelaciones carece de jurisdicción;**

(2) **que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello**;

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.**

.          .          .          .          .          .          .          .

*In re aprobación de Enmdas. al Reglamento del TA*, 2025 TSPR 141, pág. 116-117, 215 DPR ___ (2025). (Énfasis nuestro).

C

En lo atinente a este recurso, la moción de reconsideración consignada en la Regla 47 de las de Procedimiento Civil, 32 LPRA Ap. V, dispone claramente que su **presentación oportuna** ante el foro primario tiene el efecto de paralizar los términos para recurrir en revisión ante el foro apelativo intermedio. Así pues, una oportuna moción de reconsideración suspende todos los términos para todas las partes litigantes. Por tanto, el término correspondiente para acudir en alzada ante nos **comenzará a transcurrir nuevamente desde la fecha en que se archive en autos la copia de la notificación de la resolución que resuelva la moción de desestimación**. *Plan Salud Unión v. Seaboard Sur Co.*, 182 DPR 714, 719 (2011); *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008).

## II

Examinado el recurso presentado por la señora García, no nos cabe duda de que la presentación de su reconsideración de la orden notificada el 27 de febrero de 2026, no interrumpió el término para instar este recurso. Ella presentó su reconsideración el 23 de marzo de 2026, en exceso del término de 15 días que contaba para ello. Por tanto, la consiguiente presentación de este recurso fue tardía, por lo que carecemos de autoridad para entender en sus méritos.

Subrayamos, además, que la señora García instó este recurso el 7 de mayo de 2026, sin articular justa causa para ello. Cual citado, este foro apelativo **no** goza de discreción para prorrogar los términos de cumplimiento estricto automáticamente a no ser que se muestre justa causa.

A la luz de lo anterior, nos encontramos insubsanablemente privados de autoridad para examinar los méritos del recurso, pues este fue incoado fuera del término de cumplimiento estricto para ello.

## III

Conforme a lo antes expuesto, **desestimamos** el recurso ante nuestra consideración por falta de jurisdicción, por este haberse instado de manera tardía.

Notifíquese.

Lo acordó y ordena el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones